IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DONALD RICHARD HENRY KELLEY, II,

        Plaintiff,

v.                                          Civil Action No. 5:11CV73
                                                           (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

     The plaintiff in this civil action filed claims for Disability

Insurance Benefits ("DIB") under Title II of the Social Security

Act and for Supplemental Security Income ("SSI") under Title XVI,

claiming that he suffered from disability beginning July 2, 2006.

Both claims were denied both initially and upon reconsideration.

The plaintiff then requested a hearing, which was granted and held

before Administrative Law Judge ("ALJ") Drew A. Swank.  At this

hearing, the plaintiff testified and was represented Shirley

Shears, a paralegal.  However, no vocational expert was present or

called to testify.  The ALJ affirmed the denial of the plaintiff's

application for benefits on the grounds that the plaintiff was not

disabled as that term is defined by the Social Security Act.  The

Appeals Council denied review, and the  ALJ's decision became the

final decision of the Commissioner of Social Security ("Commissioner").

The plaintiff then filed this action against the Commissioner seeking review of the final decision the ALJ.  Both the plaintiff and the defendant filed motions for summary judgment.  Magistrate Judge David J. Joel reviewed the plaintiff's complaint, the motions by the parties and the administrative record, and issued a report and recommendation recommending that the defendant's motion for summary judgment be granted in part, that the plaintiff's motion for summary judgment be granted in part, and that the matter be remanded to the ALJ to either clarify his decision with further facts as to work amenable to the plaintiff's limitations and available in the national economy, or to hold a hearing with a vocational expert testifying.  Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report.

The plaintiff did not object to the magistrate judge's opinions that the defendant's motion for summary judgment be granted in part, but the defendant filed objections as to the magistrate judge's recommendation that the case be remanded for the ALJ to clarify his findings regarding the plaintiff's ability to perform some work available in the national economy.

## II.   Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.  Because the defendant filed an objection to the magistrate judge's finding the ALJ did not properly support his findings with regard to work available to the plaintiff, this Court will undertake a de novo review as to that portion of the report and recommendation.  This Court will review the other findings of the magistrate judge for clear error.

## III.   Discussion

The plaintiff contends that the decision denying his claims should be overturned because: (1) the ALJ gave the opinions of various physicians improper weight and should have given the opinion of the plaintiff's treating physicians controlling weight; (2) the ALJ failed to adequately consider the effects of the medication used to treat the plaintiff's HIV and; (3) the ALJ did not call a vocational expert to testify at the hearing.  The magistrate judge's report and recommendation addresses all three of these contentions.

The magistrate judge reviewed the findings of the ALJ to determine whether they were "supported by substantial evidence and

whether the correct law was applied," or whether such evidence existed in the record to support the findings so as to allow a reasonable person to conclude similarly.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  After reviewing the standard for disability and the five-step evaluation process for determining if a claimant is disabled, the magistrate judge set forth the findings of the ALJ.  See 42 U.S.C. § 423(d)(2)(A) (defining disability); 20 C.F.R. § 404.1520 (explaining the five-step sequential evaluation process).

Magistrate Judge Joel first found that the plaintiff's contention that the DDS medical consultants' opinions were given too much weight was without merit.  The magistrate judge noted that, even though the ALJ ultimately reached the same decision as the DDS medical consultants, he reached that conclusion independently, and  even stated in his opinion that he gave the DDS medical consultant opinions very little weight.  Further, the magistrate judge found that the plaintiff's own complaints and the opinions of his treating physicians were given a great deal of weight, and the ALJ also had found that the plaintiff's treating physicians' opinions were largely consistent with medical evidence.

The magistrate judge then concluded that the plaintiff's assignment of error really went to the opinion of one treating doctor, Dr. Owunna, whose opinion that the plaintiff was unable to work was not given controlling weight in the ALJ's conclusions.

However, the magistrate judge found that this opinion was not
entitled to controlling weight because the decision of whether or
not the plaintiff was able to work in any capacity was one for the
ALJ alone to make.  See SSR 96-5p (July 2, 1996)("treating source
opinions on issues that are reserved to the Commissioner are never
entitled to controlling weight or special significance").  Further,
the magistrate judge noted that the ALJ addressed Dr. Owunna's
opinion, and found it to be inconsistent with the medical evidence
before him.  Accordingly, the magistrate judge found no error in
the weight given to any of the medical opinions with which he was
presented.  This Court agrees with the magistrate judge and finds
no clear error in his assessment.

As to the plaintiff's second assignment of error, Magistrate
Judge Joel concluded that the ALJ properly evaluated the effects of
the plaintiff's HIV medication.  Initially, he pointed out that the
plaintiff did not begin taking HIV medication until October 2007,
more than one year after his alleged disability onset date.
Further, the magistrate judge took note of the plaintiff's own
testimony at the hearing before the ALJ that he did not suffer from
side effects from any of the medication that he takes.  Finally,
the plaintiff's treating physician Dr. Owunna noted that the
plaintiff had no side effects from his HIV medication.  Based upon
these facts, all of which exist in the record, this Court finds no

clear error in the magistrate judge's assessment as to the plaintiff's second contention.

With regard to the third assignment of error, the magistrate judge found that the ALJ's opinion as to step five of the evaluation process, whether the plaintiff's "can make an adjustment to other work," was not supported by fact.   The ALJ's findings were as follows: the plaintiff suffers from both exertional and nonexertional limitations.  His exertional limitations allow him to perform light duty work, but due to his nonexertional limitations dealing with person-to-person interaction, he could not return to his previous work as a fast food worker.  However, the ALJ found in his step five analysis that the plaintiff could perform various types of light duty positions and that a number of acceptable positions existed in the national economy.  Accordingly, the ALJ determined that the plaintiff was not disabled.

In finding the ALJ's conclusions here to be in error, Magistrate Judge Joel states that, at step five, once it is concluded that the plaintiff does not have listed impairments but cannot perform past work, it is the burden of the Commissioner to show that the plaintiff can perform other work.   20 C.F.R. §§ 404.1520, 416.920.  When the plaintiff's exertional limitations fall within the categories of the Medical-Vocational Guidelines ("Grids") and no nonexertional limitations exist to place further restrictions on the type of work in which the plaintiff could

6

engage, the Commissioner meets his burden simply using the Grids.
Gory v. Schweiker, 712 F.2d 929, 930 (4th Cir. 1983).   However,
when the plaintiff suffers from limitations outside of those
contemplated by the Grids, as the ALJ concluded is the case here,
the Grids do not apply and a vocational expert must testify in
order for the Commissioner to carry his burden.   Hammond v.
Heckler, 765 F.2d 424, 426 (4th Cir. 1985).   An exception to this
rule exists when the ALJ can determine from the record evidence
that the nonexertional, non-Grid restrictions will not erode the
occupational base considered by the Grid.   20 C.F.R. §§ 404.1520,
416.920.   In such a situation, the ALJ may apply the Grid rules.
Id.

     The magistrate judge found that, while the ALJ concluded that
the plaintiff's nonexertional limitations did not erode his ability
to perform light unskilled work to the extent that he could not be
assessed within the Grid, the ALJ provided insufficient detail
regarding the plaintiff's nonexertional limitations to support a
finding on review that this conclusion was based upon substantial
evidence.     Further, Magistrate Judge Joel asserts, the ALJ's
conclusion that the plaintiff cannot return to fast food work due
to his nonexertional limitations weakens the conclusion that these
limitations do not erode his ability to perform unskilled light
duty work, because fast food work constitutes such a position.
Therefore, the magistrate judge determined that there was

insufficient evidence to support the ALJ's application of the Grid rules.   Further, the magistrate judge noted that the ALJ simply stated that appropriate jobs existed for the plaintiff in the national economy, but did not support this statement with any examples of such jobs.   Accordingly, Magistrate Judge Joel recommended that this case be remanded to the ALJ to allow him to either clarify the factual basis for his conclusion that the Grid rules apply, or to hear testimony of a vocational expert.

In objection to this assessment of error, the defendant argues that the ALJ's conclusion that the plaintiff's nonexertional limitations did not significantly effect his occupational base of unskilled light duty work was supported by substantial evidence, and because the Grid rules apply, the ALJ was not required to list appropriate jobs in support of his conclusion that such jobs exist. The defendant argues that, while it is true that the Grid rules primarily reflect exertional limitations, not all nonexertional limitations render a plaintiff unable to perform work within the Grid rules.   The defendant further argues that the plaintiff's nonexertional limitations, which require that he have little interaction with people, "match the limitations contemplated by the grid rules" because most unskilled light duty work involves working with objects rather than people, and "[r]esponding appropriately to the public is not considered one of the basic mental demands

necessary to perform competitive unskilled work on a sustained
basis." (ECF No. 18 *6.)

After a de novo review, this Court agrees with the magistrate
judge and overrules the objections of the defendant as to the
plaintiff's third assignment of error.  A review of the
administrative record along with the opinion of the ALJ, reveals
that the magistrate judge was correct in his conclusion that the
ALJ failed to adequately support his finding that the plaintiff's
nonexertional limitations do not significantly affect his
occupational base. While the defendant's objections properly state
that not all nonexertional limitations significantly affect a
claimant's occupational baseline to the extent that the Grid rules
no longer apply, the defendant's contentions regarding this
plaintiff's specific limitations' effect on his occupational base
are similarly unsupported.

The defendant maintains that the plaintiff's limitations with
regard to social interaction do not significantly impair his
ability to perform unskilled light duty work because this work does
not ordinarily require human interaction.  However, the defendant
does not support this assertion with any examples or facts which
would suggest how this shows that this plaintiff's nonexertional
limitations do not "significantly" effect his ability to perform
the work within the Grid rules.  Simply because unskilled work does
not "ordinarily" require social interaction cannot serve as

substantial evidence that this particular claimant's limitations with regard to social interaction will not substantially effect his ability to perform unskilled light duty work within the Grid rules.

The defendant further argues that basic mental demands necessary to perform unskilled work do not include "responding appropriately to the public."  (ECF No. 18 *6.)  However, the defendant again does not explain whether this in itself is sufficient to show that this plaintiff's particular limitations regarding social interaction do not constitute a significant impairment in his ability to perform such work.  Further, the defendant neglects to note that SSR 85-15, his cited source for the "basic mental demands of competitive, renumerative unskilled work" lists the ability to "respond appropriately to supervision and coworkers" as a basic mental demand of unskilled light duty work and considers "a substantial loss of ability to meet any of these basic work-related activities" to constitute a severe limitation on the occupational base.  Id.

Finally, the defendant's objections argue that the magistrate judge inappropriately relies upon Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985), and Loudermilk v. Astrue, No. 1:07CV141, 2009 U.S. Dist. LEXIS 73189 (N.D. W. Va. Aug. 18, 2009), to support his conclusion that the ALJ did not properly support his reliance upon the Grid rules in this case.  The defendant contends that these two cases are factually distinguishable from the instant case because

the nonexertional limitations of the claimants in each of those cases were quite different from those of this plaintiff.  However, this Court believes that the defendant has mischaracterized the magistrate judge's use of these cases.  Magistrate Judge Joel cited to these cases only for their statements regarding the law that, when nonexertional limitations exist in conjunction with exertional limitations, an ALJ must conclude that the claimant is able to perform the demands of "a certain level of work" despite his additional limitations before that ALJ may apply the Grids to that claimant.  Id.  The magistrate judge did not rely upon the facts of either of those cases as evidence that this plaintiff is unable to perform the required work of an unskilled light duty job within the Grid rules, nor did the magistrate judge make such a conclusion. He simply found, as this Court finds as well, that the ALJ did not properly support his conclusion that the plaintiff could perform such work, so it could not be found on review that the conclusion was supported by substantial evidence.

Accordingly, this Court will remand this action to the ALJ in order to allow him to either clarify his findings as to the plaintiff's nonexertional limitations for the purposes of using the Grid rules, or to hold a hearing with a vocational expert present.

This Court has reviewed the record, as well as the parties' motions for summary judgment, the magistrate judge's report and recommendation and the defendant's objections thereto, and for the

reasons set forth above and in the report and recommendation, concurs with the recommendations of the magistrate judge in their entirety.    Accordingly,   the   magistrate   judge's   report   and recommendation is affirmed and adopted.

## IV.   Conclusion

Based upon a review for plain error, this Court AFFIRMS AND ADOPTS the magistrate judge's recommendation that the defendant's motion for summary judgment (ECF No. 15) be GRANTED and the plaintiff's motion for summary judgment (ECF No. 12) be DENIED as to the plaintiff's first two assignments of error as described above.  After a de novo review, this Court also AFFIRMS and ADOPTS the   magistrate   judge's   report   and   recommendation   that   the defendant's motion for summary judgment (ECF No. 15) be DENIED and the plaintiff's motion for summary judgment (ECF No. 12) be GRANTED as to the plaintiff's third assignment of error.  Thus, for the reasons stated above, this matter is REMANDED to the Administrative Law   Judge   to   clarify   his   findings   as   to   the   plaintiff's nonexertional limitations for the purposes of using the Grid rules or, alternatively, to hold a hearing with a vocational expert present.   It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment

in favor of the defendant on all issues except for the application

of the Grid rules to this plaintiff, as described above.

     DATED:    June 20, 2012


                    /s/ Frederick P. Stamp, Jr.
                    FREDERICK P. STAMP, JR.
                    UNITED STATES DISTRICT JUDGE